# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR NO. 11-00342LEK |
| CASE NAME: | USA vs. RONALD K. MARIA |
| ATTYS FOR PLA: | Marshall H. Silverberg |
| ATTYS FOR DEFT: | Clarence McCurdy Virtue |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | Katherine Eismann |
| DATE: | 07/26/2012 | TIME: | 2:43-3:40 |

COURT ACTION:  EP: Sentencing to the Felony Information. Defendant present, not in custody.

USPO Ellie Asasaki and USPO Dan Umemoto present.

Defendant plead guilty to the Felony Information on 4/27/2012 and was adjudged guilty. Court accepts plea agreement. Parties have reviewed the Presentence Report and it is placed in the record under seal.  Court adopts the factual findings of the PSR.

Govt Objections to sentencing guidelines discussed. Court findings made as to the applicable sentencing guidelines. Court notes the aggravating and mitigating factors related to Defendant's Sentencing.  Allocution by Defendant waived at first.

Recommendations by Counsel as to proposed sentence heard.  Allocution made by Defendant regarding defendant suffering from autism.

Court's proposed sentence stated.  No legal objections to the proposed sentence. Court imposes sentence.

SENTENCE:

Imprisonment: 41 Months
Supervised Release: 3 Years
Fine: None
Restitution: $666,045.00, payable immediately.
Special Assessment: $100.00

Conditions of Supervised Release:

1) The defendant shall abide by the standard conditions of supervision.

2) The defendant shall not commit any crimes, federal, state, or local (mandatory condition).

3) The defendant shall not possess illegal controlled substances (mandatory condition).

4) The defendant shall cooperate in the collection of DNA as directed by the probation officer (mandatory condition).

5) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

6) The defendant participate in a mental health program at the discretion and direction of the Probation Office.

7) Restitution of $666,045.00 is due immediately to W.V., and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office, but at a rate of not less than 10% of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

8) The defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

9) The defendant is prohibited from incurring credit charges and lines of credit without the prior approval of the Probation Office, until such time that the restitution and/or fine is paid in full.

10) The defendant is prohibited from participating in any form of gambling; being in the presence of any illegal or legal gambling; frequenting any business, residence, or area where gambling activities have occurred or are presently occurring; and associating with any persons engaged in gambling or any known gamblers.

11) The defendant shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant and any business owned, in whole or in part, by the defendant.

12) The defendant shall notify the Probation Office of any contemplated employment and shall obtain approval from the Probation Office for all employment. Unless the defendant is self-employed, he may not be employed in any capacity wherein he has custody, control, or management of his employer's funds.

13) The defendant shall maintain a single personal bank account, separate and apart from his spouse, any family member or others, into which all income, financial proceeds, and gains shall be deposited and from which all expenses be paid.

14) The defendant is prohibited from possessing or accessing any computer or electronic device that can access the Internet, except for employment purposes with the prior approval of the Probation Office. The defendant shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office.

15) The defendant shall provide the Probation Office with access to any and all business records, financial records, client lists, and other records, pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Office.

16) The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without the prior approval of the Probation Office.

17) The defendant shall submit to payroll deduction through his employment at the discretion and direction of the Probation Office.

18) The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant advised of his right to appeal within 14 days of entry of judgment.

Judicial Recommendations:
Defendant to be placed at FCI located in California, Arizona or Colorado. Defendant to receive mental health evaluation and receive treatment and Vocational training.


Defendant to Self Surrender:  to U.S. Marshals, District of Hawaii on 9/6/2012 by 12:00 PM.

Defendant's current conditions of release to continue until self surrender. Defendant to continue to participate in the Ho'okele Program.

Submitted by: Warren N. Nakamura, Courtroom Manager