```
               UNITED STATES DISTRICT COURT

                    DISTRICT OF HAWAII
```

| UNITED STATES OF AMERICA, | CR. NO. 11-00342 LEK |
|---|---|
| Plaintiff, | |
| vs. | |
| RONALD K. MARIA, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ADA ACCOMMODATION, AND 60-DAY CONTINUANCE**

Before the Court is pro se Defendant/Petitioner Ronald K. Maria's ("Maria") Motion for ADA Accommodation, and 60-Day Continuance, filed on October 31, 2025 ("Motion for Accommodation"). [Dkt. no. 204.] The Motion for Accommodation is suitable for disposition without a hearing, pursuant to Rule 12.2(a)(1) of Chapter II of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Criminal Local Rules"). For the reasons stated below, Maria's Motion for Accommodation is granted in part and denied in part. The Motion for Accommodation is granted insofar as: 1) the deadline for Maria to file his amended motion/petition for coram nobis relief is extended to **February 27, 2026**; and 2) Maria will be permitted to incorporate by reference the exhibits identified in the instant Order. The Motion for Accommodation is denied in all other respects.

In light of this Court's prior rulings and the rulings in the instant Order, Maria's motion filed on October 29, 2025, [dkt. no. 197,] is denied as moot, and Maria's notice filed on October 29, 2025, [dkt. no. 198,] is stricken.

### BACKGROUND

On September 10, 2025, Maria filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. [Dkt. no. 152.] On September 12, 2025, an order was issued that, among other things, liberally construed the September 10 motion as seeking a writ of coram nobis ("9/12/25 Order" and "Coram Nobis Motion"). [Dkt. no. 156 at 2.]

The Coram Nobis Motion was a corrected version of the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 that Maria filed on September 8, 2025 ("9/8 Motion"). [Dkt. no. 150.] Also on September 8, 2025, Maria filed an affidavit in support of the 9/8 Motion ("9/8 Affidavit") with Exhibits A through F. [Dkt. no. 151.]

Also on September 10, 2025, Maria filed a corrected affidavit in support of the Coram Nobis Motion ("9/10 Affidavit"), which did not have any exhibits attached; and a Motion to Supplement § 2255 Motion with Exhibit G ("9/10 Motion to Supplement"). [Dkt. nos. 153, 154.]

This Court deemed the following filings to be part of the Coram Nobis Motion: the 9/10 Affidavit; Exhibits A through F

2

to the 9/8 Affidavit; [dkt. nos. 151-1 to 151-6]; and Exhibit G to the 9/10 Motion to Supplement, [dkt. no. 154-1]. See 9/12/25 Order at 2.

Maria thereafter filed various motions seeking to supplement the Coram Nobis Motion. See Motion to Supplement Record with Additional Medical Evidence, filed 10/23/25 (dkt. no. 171) ("10/23 Motion to Supplement") (seeking to add Exhibit H); Supplemental Motion in Support of Pending Petition for Writ of Error Coram Nobis to Vacate Plea Agreement and Conviction, filed 10/23/25 (dkt. no. 174) (seeking to make further factual and legal arguments); Motion to Add Newly Discovered Probation Notes in Support of Pending Petition for Writ of Error Coram Nobis, filed 10/27/25 (dkt. no. 187) ("10/27 Motion to Supplement") (seeking to add Exhibit I); Motion to Supplement Coram Nobis Petition with Evidence that Schizophrenia Is a Chronic Disorder Predating Diagnosis and that Movant's 2017 Diagnosis Establishes Mental Incompetence in 2011-2012, filed 10/27/25 (dkt. no. 191) (seeking to make further factual and legal arguments).

On October 28, 2025, an entering order was issued granting Maria leave to file an amended petition/motion seeking coram nobis relief ("Amended Motion" and "10/28/25 Amended Motion EO"). [Dkt. no. 194.] Maria was directed to file the Amended Motion by December 29, 2025, and Maria was instructed

3

that the Amended Motion must include all of the legal claims and all of the evidence that he intends to rely upon. In other words, he was instructed not to file the Amended Motion in the piecemeal fashion in which he had been filing documents to support the Coram Nobis Motion.[1] See 10/28/25 Amended Motion EO at PageID.1227. In light of the anticipated filing of the Amended Motion, this Court denied as moot the motions that were docket numbers 171, 174, 187, and 191. See id. at PageID.1228.

      Since the filing of the 10/28/25 Amended Motion EO, Maria filed additional documents that appear to be either attempts to supplement to the Coram Nobis Motion or preliminary filings that Maria intends to rely upon when he files the Amended Motion. See Motion to Vacate Conviction for Fraud on the Court, filed 10/29/25 (dkt. no. 197) (with Exhs. A-D) ("10/29 Motion to Vacate");[2] Notice of Supplemental Facts in Support of Petition for Writ of Error Coram Nobis, filed 10/29/25 (dkt. no. 198) ("10/29 Factual Supplement"); Notice of Correction and

---

[1] This Court's references to "piecemeal" filings refers to the practice of filing a primary motion and then subsequently filing numerous exhibits and supplements in support of the primary motion over a number of days or weeks after the filing of the primary motion.

[2] On November 3, 2025, Maria filed a Notice of Correction and Clarification Regarding Conviction Date that addressed an error in the 10/29 Motion to Vacate. [Dkt. no. 211.]

Clarification Regarding Previously Filed Motions, filed 10/29/25 (dkt. no. 199) ("10/29 Notice of Correction").[3]

In the Motion for Accommodation, Maria states that he has been diagnosed with schizophrenia, [Motion for Accommodation at § I,] and that:

> Because of schizophrenia, [Maria] experiences unpredictable periods of clarity and disorganization. During lucid intervals, [Maria] has filed motions and supplements as he becomes mentally able to recall specific facts or legal arguments. These piecemeal filings and occasional formatting errors are direct symptoms of his mental illness and demonstrate that [Maria] files only when and as he is clear-headed enough to do so.
>
> [Maria] cannot control when such clarity occurs; his filings therefore reflect real-time recollection of facts and arguments as permitted by his medical condition.
>
> [Maria] further states that he is living below the federal poverty level and cannot afford the copying, printing, and postage expenses required to reproduce and re-mail all previously filed exhibits and evidence. . . .

[Id. at § II (emphases omitted).] Maria argues that, as a reasonable accommodation under the Americans with Disabilities Act ("ADA"), Title 42 United States Code Section 12132, and the

---

[3] This Court notes that Maria signed and transmitted the 10/29 Motion to Vacate, the 10/29 Factual Supplement, and the 10/29 Notice of Correction on October 26, 2025, *i.e.*, before the 10/28/25 Amended Motion EO was filed. See 10/29 Motion to Vacate at 10; 10/29 Factual Suppl. at PageID.1264; 10/29 Notice of Correction at PageID.1266; see also transmittal letter, filed 10/29/25 (dkt. no. 201) (letter, dated 10/26/25, transmitting dkt. nos. 197 through 200 for filing).

Rehabilitation Act of 1973 ("Rehab Act"), Title 29 United States Code Section 794, and in light of his limited financial means, see Motion for Accommodation at § II, this Court should: 1) "deem all prior evidentiary filings, exhibits, and declarations (Dkt. Nos. 150 through to last Dkt. No.) incorporated by reference into the forthcoming Amended Petition for Writ of Error Coram Nobis, in lieu of requiring physical reattachment of identical materials"; see id. at § III (emphasis omitted); and 2) extend his deadline to file the Amended Motion to February 27, 2026, see id. at § IV.

## DISCUSSION

I. **Requested Accommodations Based on Maria's Disability**

   A. **The ADA**

   The ADA does not apply to federal courts. See Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA."); Hollingsworth v. Duff, 444 F. Supp. 2d 61, 64 (D.D.C. 2006) (stating that the Rehabilitation Act, applicable to federal agencies and federally funded institutions, does not cover judicial branch agencies); Zingher v. Vt. Div. of Voc. Rehabilitation, 30 F. Supp. 2d 446, 452 (D. Vt. 1997) (finding that the ADA does not apply to federal executive agencies and noting that federal courts are not subject to the ADA requirements because the ADA's definition of "public entities" is limited to state and local governments and their instrumentalities); Sheridan v. Michels (In re Disciplinary Proceedings), 282 B.R. 79, 92 n.15 (B.A.P. 1st Cir. 2002) (stating that the ADA is not applicable to the federal courts because the ADA definition of a public entity includes only state

>  and local governments), *vacated on other grounds by* Sheridan v. Michels (In re Sheridan), 362 F.3d 96 (1st Cir. 2004). . . .

In Re McClure, Case No. 2:19-cv-02810-GW, 2019 WL 12375549, at *4 (C.D. Cal. June 28, 2019) (brackets in McClure). Thus, the ADA does not require this Court to alter the relevant filing requirements to make accommodations for Maria's disability.

### B. The Rehab Act

> The Rehab Act proscribes discrimination in all federally-funded programs. Lovell [v. Chandler], 303 F.3d [1039,] 1052 [(9th Cir. 2002)]. "The Rehabilitation Act, the precursor to the ADA, applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments." Jackson v. Napolitano, 2010 WL 94110, *3 (D. Ariz. 2010) (quoting Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004)). To establish a disability discrimination claim pursuant to the Rehab Act, a plaintiff must show that (1) he is disabled within the meaning of the Rehab Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his disability; and (4) the program providing the benefit or services receives federal financial assistance. Lovell, 303 F.3d at 1052; 29 U.S.C. § 794. However, a claim for disability discrimination under the Rehab Act against the federal government is subject to dismissal because "Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504(a) violations, except where a federal agency is acting as a 'Federal provider' of financial assistance." Thompson v. United States, 2010 WL 1910293, *3 (W.D.N.Y. 2010) (internal quotation marks omitted) (quoting Hollman v. Lindsay, 2009 WL 3112076, at *9, n.6 (E.D.N.Y. 2009) (quoting Sarvis v. United States, 2000 WL

>  1568230, at * 2 (2nd Cir. 2000) (affirming dismissal of prisoner's Rehab Act claim against Bureau of Prisons, citing Lane v. Pena, 518 U.S. 187, 193, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)). "The Rehab Act's waiver is limited to 'the funding activities' of federal providers." Thompson (citing Lane, 518 U.S. at 195).

Patrick v. U.S. Postal Serv., No. CV-10-0650-PHX-ECV, 2010 WL 4879161, at *2 (D. Ariz. Nov. 23, 2010). The district court in Patrick concluded that "the Rehab Act does not require the United States' district courts to provide, and pay for, a sign language interpreter for a hearing-impaired litigant at a settlement conference or any other civil or criminal court proceeding." Id. at *3.

For the same reasons, this Court concludes that the Rehab Act does not require alterations to the relevant filing requirements as an accommodation for Maria's disability.

C.  **Other Authority**

District courts provide accommodations pursuant to applicable statutes - such as the Court Interpreters Act, Title 28 United States Code Sections 1827 to 1828 – and judiciary policy. See, e.g., Patrick, 2010 WL 4879161, at *3-4 (ordering that a sign language interpreter be provided during a settlement conference pursuant to judiciary policy); Watson v. Veterans Evaluation Servs., Case No. 23-1109-HLT-GEB, 2023 WL 6143361 (D. Kan. Sept. 20, 2023) (denying the plaintiff's motion for accommodation under the ADA, but ordering that

8

accommodations be made, pursuant to judiciary policy, for the plaintiff's appearance at a status conference).[4] For example, "[u]nder Judicial Conference policy, a court **must** provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing-impaired, or have communication disabilities . . . ." Administrative Office of the United States Courts, Guide to Judiciary Policy, Volume 5, Chapter 2, § 255(a).[5]

As previously noted, Maria states that he has been diagnosed with schizophrenia. According to Maria, the condition "substantially limits [his] concentration, memory, sequencing, and organizational ability. These limitations impair [his] ability to process complex procedural instructions, compile extensive exhibits, and maintain continuity across filings." [Motion for Accommodation at § I.] For purposes of the Motion for Accommodation, this Court accepts as true Maria's statements about the extent and effects of his schizophrenia symptoms, and this Court finds that Maria's statements establish a disability.

---

[4] The plaintiff in Watson reported having a number of disabilities, including partial hearing loss. Watson, 2023 WL 6143361, at *2. The district court cited the plaintiff's hearing impairment when it stated that it would make accommodations for the status conference and other conferences that would be held in the case. Id.

[5] Volume 5 of the Guide to Judiciary Policy is publicly available at https://www.uscourts.gov.

9

There is no statute nor provision in the Guide to Judiciary Policy that addresses what accommodations must be provided to a litigant who has schizophrenia or another similar type of disability. This Court will therefore allow Maria reasonable accommodations pursuant to this district court's general policy prohibiting discrimination.

Maria requests the following accommodations: the ability to incorporate all of his filings from September 8, 2025 through the present into the forthcoming Amended Motion; and a continuance of the December 29, 2025 filing deadline for the Amended Motion to February 27, 2026. [Id. at §§ III-V.]

Extending the deadline for Maria to file his Amended Motion will allow Maria to communicate the basis for his claims by accommodating the delays that he anticipates will occur because of the unpredictable timing of the schizophrenia symptoms that he experiences. The extended deadline will allow Maria additional time to organize his evidence and legal arguments when he experiences periods of clarity and lucidity. The Motion for Accommodation is granted insofar as Maria's deadline to file his Amended Motion is extended to **February 27, 2026.**

However, Maria has not established a basis for his position that allowing him to incorporate his prior filings by reference in the Amended Motion is a reasonable accommodation

10

for his disability. That portion of the Motion for Accommodation is therefore denied. This Court also notes that Maria does not expressly request that he be allowed to file his Amended Motion in the same piecemeal fashion in which he filed the Coram Nobis Motion and in which he has been filing subsequent supporting materials. See Motion for Accommodation at §§ III-V. The Motion for Accommodation's argument that Maria's prior "piecemeal filings . . . are direct symptoms of his mental illness," [Motion for Accommodation at § II (emphasis omitted),] could be construed as a request for leave to submit his Amended Motion through piecemeal filings. To the extent that Maria makes such a request, the request is denied because Maria has not established a basis for such an accommodation.

      The Motion for Accommodation and Maria's other filings related to his request for coram nobis relief show that: Maria is able to request a continuance when he needs one; he is able to articulate procedural and substantive requests; and he is able to research legal authority to support his positions. Neither Maria's pro se status nor the fact that he has been diagnosed with a serious psychiatric condition excuses him from complying with the applicable court rules and the orders that this Court has issued in this case. Cf. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "*pro se* litigants are not excused from following

11

court rules"). Thus, other than the extension of the filing deadline that has been granted, no further accommodations for Maria's disability are required.

## II. Requested Accommodations Based on Financial Condition

According to Maria, "he is living below the federal poverty level and cannot afford the copying, printing, and postage expenses required to reproduce and re-mail all previously filed exhibits and evidence." [Motion for Accommodation at § II (emphasis omitted).] Maria's numerous filings, particularly during the period from October 23, 2025 to November 3, 2025, belie his argument that he is financially unable to submit the documents that are necessary to support the arguments he intends to raise in the Amended Motion, which is now due by **February 27, 2026.**

Moreover, in light of the numerous supplements and corrections to the Coram Nobis Motion that Maria has filed, this Court does not have a complete statement of the factual and legal grounds supporting Maria's request for coram nobis relief. Therefore, this Court denies Maria's request for leave to incorporate his prior testimony (provided in his affidavits) and his prior legal and factual arguments by reference when he files the Amended Motion. Allowing the requested incorporation by reference would result in an unclear record of the factual and legal grounds supporting Maria's request for coram nobis relief.

12

This Court reiterates that Maria's Amended Motion must include a complete statement of all of the factual and legal arguments that Maria bases his request for coram nobis relief upon. To the extent that Maria asks this Court to consider his testimony in ruling on the Amended Motion, Maria must file a declaration or affidavit with the Amended Motion. The declaration or affidavit filed with the Amended Motion must be a complete statement of Maria's testimony relevant to his request for coram nobis relief.

However, in light of Maria's financial condition, and because the contents of these filings are clear, this Court will permit Maria's Amended Motion to incorporate by reference the following **exhibits** that Maria previously filed in support of the Coram Nobis Motion:

-Exhibits A, D, and F attached to the 9/8 Affidavit;[6] [dkt. nos. 151-1, 151-4, 151-6;]

---

[6] Exhibits B and E to the 9/8 Affidavit, [dkt. nos. 151-2, 151-5,] are transcripts of proceedings in this case, and these transcripts were previously filed and made publicly available, [dkt. nos. 83, 84]. Exhibit C to the 9/8 Affidavit, [dkt. no. 151-3,] is a document that Plaintiff/Respondent United States of America ("the Government") previously filed in this case, [dkt. no. 174]. Maria is not required to include publicly filed transcripts or the Government's prior public filings as exhibits to his Amended Motion. If Maria wishes to rely on such documents, he need only provide the citation information for those filings.

- Exhibit G attached to the 9/10 Motion to Supplement;[7] [dkt. no. 154-1;]

- Exhibit H attached to the 10/23 Motion to Supplement; [dkt. no. 171-1;]

- Exhibit I attached to the 10/27 Motion to Supplement; [dkt. no. 187-1;] and

- Exhibit B attached to the 10/29 Motion to Vacate,[8] [dkt. no. 197-2].

In other words, if Maria's Amended Motion relies upon any of the above listed exhibits, Maria may incorporate the exhibit by reference. Maria shall refer to the exhibits listed above by identifying the exhibits' respective docket numbers and providing citations to the relevant PageID numbers. See Motion for Accommodation at § III (Maria's offer to use this identification method).

---

[7] Maria describes Exhibit G to the 9/10 Motion to Supplement as a "Feb 02 2017 Filing." [9/10 Motion to Supplement, Exh. G at PageID.987.] The February 2, 2017 filing was entered in the record as correspondence, [dkt. no. 131,] and therefore access to the filing is restricted to court users. To the extent that Maria wishes to rely on this type of prior filing, which is not publicly available, he must submit a copy of the filing, as he did with Exhibit G to the 9/10 Motion to Supplement.

[8] Exhibit A to the 10/29 Motion to Vacate, [dkt. no. 197-1,] is the same as Exhibit I to the 10/27 Motion to Supplement. Exhibit C to the 10/29 Motion to Vacate is a motion that the Government filed in this case, and Exhibit D to the 10/29 Motion to Vacate is an entering order that this Court filed in this case. [Dkt. nos. 197-3, 197-4.] Maria is not required to include publicly filed court orders as exhibits to his Amended Motion. If Maria wishes to rely on a court order in the Amended Motion, he need only provide the citation information for the order.

14

## III. Ruling on the Motion for Accommodation

As an accommodation for Maria's disability, the deadline for Maria to file his Amended Motion is extended to **February 27, 2026.** In addition, in light of Maria's financial condition, Maria is granted leave to incorporate the exhibits that are specifically listed *supra* Discussion Section II by reference in the Amended Motion. Maria is not required to include copies of those exhibits when he files the Amended Motion. Maria's Motion for Accommodation is denied in all other respects.

Maria is REMINDED that the Amended Motion must be a complete statement of all of the factual and legal arguments that he relies upon, and any declarations, affidavits, and exhibits that Maria relies upon must be filed with the Amended Motion. The only exception to this requirement is that Maria is granted leave to incorporate by reference the exhibits that are specifically listed *supra* Discussion Section II.

## IV. Effect on Other Filings

In light of the 10/28/25 Amended Motion EO and the rulings in the instant Order, the 10/29 Motion to Vacate is denied as moot and the 10/29 Factual Supplement is stricken.

Further, until Maria files his Amended Motion, Maria is ORDERED not to file any motions seeking new relief. This Court cannot consider such motions until Maria files a complete

15

statement of the grounds supporting his request for coram nobis relief. Maria is CAUTIONED that, if he violates this order by filing a new motion for relief, the new motion may be stricken. This order does not prevent Maria from filing a timely motion for reconsideration of a prior order, nor does this order prevent Maria from filing a motion seeking an extension of a deadline.

This Court will rule on all prior motions for which this Court has issued a briefing schedule, but the parties are informed that other previously filed motions may be denied without prejudice to refiling the motion after the filing of the Amended Motion. This Court will consider Maria's 10/29 Notice of Correction to the extent that it is relevant to the previously filed motions that this Court rules upon.

## CONCLUSION

For the foregoing reasons, Maria's Motion for ADA Accommodation, and 60-Day Continuance, filed October 31, 2025, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion for Accommodation is GRANTED insofar as: 1) the deadline for Maria to file his amended petition/motion for coram nobis relief is extended to **February 27, 2026**; and 2) Maria is granted leave to incorporate the exhibits that are listed *supra* Discussion Section II by reference in the amended petition/motion for coram

nobis relief. The Motion for Accommodation is DENIED in all other respects.

In addition, the Motion to Vacate Conviction for Fraud on the Court, filed October 29, 2025, is DENIED AS MOOT, and Maria's Notice of Supplemental Facts in Support of Petition for Writ of Error Coram Nobis, also filed October 29, 2025, is STRICKEN.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 10, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**USA VS. RONALD K. MARIA; CR 11-00342 LEK; ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ADA ACCOMMODATION, AND 60-DAY CONTINUANCE**