UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    vs.<br><br>RONALD K. MARIA,<br><br>             Defendant. | CR. NO. 11-00342 LEK |

**ORDER: 1) GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO RECONSIDER AND REQUEST FOR LEAVE OF COURT TO REOPEN THE TIME IN WHICH TO FILE A MOTION TO AMEND THE JUDGMENT; 2) SETTING A BRIEFING SCHEDULE FOR THE GOVERNMENT'S MOTION TO AMEND THE JUDGMENT AND SUBSTITUTE RESTITUTION PAYEE; AND 3) DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL PRODUCTION OF RESTITUTION PAYMENT RECORDS**

On July 15, 2026, this Court issued an Order Suspending the Collection of Restitution Payments ("7/15/26 Order"). [Dkt. no. 309.] Also on July 15, 2026, Plaintiff United States of America ("the Government") filed a motion seeking reconsideration of the 7/15/26 Order ("Motion for Reconsideration"). [Dkt. no. 310.] Pro se Defendant Ronald K. Maria ("Maria") filed his opposition to the Motion for Reconsideration ("Opposition") on July 22, 2026 and a supplement to the Opposition ("Supplement") on July 27, 2026. [Dkt. nos. 313, 315.] This Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule CrimLR12.2(a)(1) of Chapter II of the Local Rules of Practice

for the United States District Court for the District of Hawaii

("Criminal Local Rules"). The Government's Motion for

Reconsideration is granted in part and denied in part for the

reasons set forth below.

In light of the partial grant of reconsideration, the

Government's Motion to Amend the Judgment and Substitute

Restitution Payee ("Motion to Amend and Substitute"), filed on

July 17, 2026, [dkt. no. 312,] will be considered after the

Government files the supplement required in this Order. Further,

Maria's Motion to Compel Production of Restitution Payment

Records, filed on July 27, 2026, [dkt. no. 314,] is denied as

moot.

<u>**BACKGROUND**</u>

The relevant factual and procedural background of this

case has been set forth in this Court's prior orders and will

not be repeated here, except where necessary to the resolution

of the issues in the Motion for Reconsideration.

Maria's judgment of conviction required him to pay

$666,045.00 in restitution to W.V. <u>See</u> Judgment in a Criminal

Case, filed 7/30/12 (dkt. no. 70) ("Judgment"), at 6. This Court

has previously noted that W.V. died on May 20, 2014, and that

restitution payments were subsequently made to W.V.'s family

members, pursuant to Title 18 United States Code

Section 3663A(a)(1) and (2). <u>See</u> Order: Denying Petitioner's

2

Motion to Bar Further Restitution Enforcement and to Order Refund of Funds Collected Without a Lawful Payee Since 2014 and Outside the Judgment's Authorized Enforcement Period; and Requiring the Government to File a Motion to Amend the Restitution Judgment, filed 6/4/26 (dkt. no. 306) ("6/4/26 Order"), at 3. This Court ordered the Government to file a motion to amend Maria's restitution judgment to reflect the current restitution payee ("Motion to Amend") by June 18, 2026, and this Court permitted Maria to file an optional response to the Motion to Amend by July 2, 2026. See id. at 11.

On July 6, 2026, this Court issued an entering order ("7/6/26 EO"), which noted that the Government had not filed a Motion to Amend and directed the Government to file a statement addressing various issues, including whether the Government intended to file a Motion to Amend. [Dkt. no. 308 at PageID.2216.] The Government was directed to file its statement by July 13, 2026. [Id. at PageID.2217.]

In the 7/15/26 Order, this Court noted that the Government failed to file the statement described in the 7/6/26 EO. [7/15/26 Order at 3.] In light of the Government's failure to comply with the 6/4/26 Order and the 7/6/26 EO, this Court concluded that the Government waived its right to file a Motion to Amend. This Court also concluded that the restitution order

3

in the Judgment was unenforceable at the time and suspended the restitution order. [Id.]

The Motion for Reconsideration states that the Government's failure to comply with the 6/4/26 Order and the 7/6/26 EO "is the result of human error" because the Assistant United States Attorney ("AUSA") assigned to the case "inadvertently moved both of the ECF filings in this case to a deleted items folder and did not read the filings until [July 15, 2026]."[1] [Motion for Reconsideration at ¶ 3.] Although the Government concedes that "[t]here is no excuse for the error or for failing to comply with the Court's orders," the Government argues that allowing it to file a Motion to Amend is "[i]n the interest of justice." See id. at ¶¶ 3-4. The Government argues Maria will not be prejudiced if this Court allows additional time to file a Motion to Amend because the 7/15/26 Order suspended the collection of restitution payments. See id. at ¶ 4. Further, the Government appears to argue that it could not comply with the original deadline to file the Motion

---

[1] This Court notes that the Motion for Reconsideration does not include a declaration, signed under penalty of perjury by the AUSA who made the error. Although this Court will accept the Government's representations for purposes of the instant Motion for Reconsideration, the Government is cautioned that any similar representations about attorney actions and/or omissions must be supported by a declaration or affidavit, signed under penalty of perjury.

to Amend because "additional time [wa]s necessary to determine the appropriate payee for the restitution." See id.

**STANDARD**

Criminal Local Rule 60.1 states, in pertinent part:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Any other motions for reconsideration may be brought only upon the following grounds:
>
> > (a)  Discovery of new material facts not previously available;
> >
> > (b)  Intervening change in law; and/or
> >
> > (c)  Manifest error of law or fact.

Maria has completed the term of incarceration and the term of supervised release that were specified in the Judgment. See Order Denying Amended Petition for Writ of Error Coram Nobis, filed 3/31/26 (dkt. no. 293), at 5 (noting his term of incarceration was completed before 6/1/16 and his term of supervised release was terminated on 3/2/18). Thus, at the time of the 7/15/26 Order, the requirement to pay restitution was the only outstanding obligation in the Judgment. Because the 7/15/26 Order suspended the collection of restitution and concluded that the Government waived the right to file a Motion to Amend, the 7/15/26 Order left the Government with no way to substitute the restitution payee and no way to enforce the restitution order in the Judgment. Because the 7/15/26 Order effectively eliminated

the only remaining obligation in this case, the 7/15/26 Order is a case-dispositive order.

Federal Rule of Civil Procedure 60 applies to the instant Motion for Reconsideration. Rule 60 states, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

## **DISCUSSION**

The only provisions of Rule 60(b) that may apply to the Government's Motion for Reconsideration are Rule 60(b)(1) and Rule 60(b)(6).

I.    **Rule 60(b)(6)**

Rule 60(b)(6) is considered a "catch-all provision," but it is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (citation and internal quotation marks omitted). The AUSA assigned to this case mistakenly put the electronic filing notices for the 6/4/26 Order and the 7/6/26 EO in a deleted items folder. See Motion for Reconsideration at ¶ 3. In addition, as Maria points out in the Opposition, on June 29, 2026, he filed a Motion to Continue Response Deadline, Notice of Non-Receipt of Government's Motion, and Preservation of Objection to Amendment of the Restitution Judgment ("6/29/26 Filing"), [dkt. no. 307]. See Opposition at 2. The 6/29/26 Filing included a Certificate of Service stating that Maria mailed a copy of the filing to the office of the United States Attorney for the District of Hawai`i ("USAO"). See 6/29/26 Filing at 2-3. A Notice of Electronic Filing for the 6/29/26 Filing was sent to the AUSA assigned to this case and to other staff in the USAO. The Motion for Reconsideration does not refute the Government's receipt of Maria's 6/29/26 Filing, nor

7

does the Motion for Reconsideration address the Government's apparent failure to review the 6/29/26 Filing.

Based on the foregoing, this Court finds that the Government's failure to comply with the 6/4/26 Order and the 7/6/26 EO was not due to extraordinary circumstances. Therefore, Rule 60(b)(6) relief from the 7/15/26 Order is not available to the Government.

## II.  **Rule 60(b)(1)**

Turning to the issue of whether the AUSA's mistakes warrant relief under Rule 60(b)(1), this Court notes that "[r]econsideration pursuant to Rule 60 is generally appropriate . . . to . . . prevent manifest injustice." Ferretti v. Beach Club Maui, Inc., Civ. No. 18-00012 JMS-RLP, 2018 WL 3672741, at *1 (D. Hawai`i Aug. 2, 2018) (some citations omitted) (citing Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

In the 6/4/26 Order, this Court concluded that W.V.'s death did not terminate Maria's obligation to pay restitution. [6/4/26 Order at 9 (citing United States v. Hankins, 858 F.3d 1273, 1278 (9th Cir. 2017)).] This Court also concluded that it had the authority to redirect Maria's remaining restitution payments to the appropriate payee, even though the Clerk's Office previously redirected restitution payments based on the claim submitted by W.V.'s family. [Id. at 9-10 (citing Hankins,

8

858 F.3d at 1281, 1275).] This Court finds that it would be manifestly unjust to deprive the appropriate restitution payee of Maria's remaining payments because of mistakes in the handling of electronic filing notices.

Maria argues the interests of justice weigh in his favor, and the Motion for Reconsideration should be denied, because "[t]he Government has not cited [a] statute [that] would allow the amendment of a judgment 14 years after sentencing." Opposition at 3; see also Supplement at 1-2 (making a similar argument). This is not an argument in opposition to the Motion for Reconsideration. Instead, it is a challenge to the rulings in the 6/4/26 Order. See 6/4/26 Order at 9-10.

This Court must liberally construe Maria's filings because he is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). If Maria's Opposition and Supplement - filed July 22, 2026 and July 27, 2026, respectively - were liberally and collectively construed as a motion for reconsideration of the 6/4/26 Order, the motion would be untimely. See Local Rule CrimLR60.1 ("Motions asserting manifest error of law or fact under Subsection (c) must be filed within fourteen (14) days of the court's order."). Further, Maria has filed other motions for reconsideration in this case. See, e.g., Motion to Alter or Amend Judgment (Federal Rule of Civil Procedure 59(e)), filed 4/8/26 (dkt. no. 295); Motion for

9

Clarification and Reconsideration of Order Denying Leave to File Documents Electronically, filed 12/5/25 (dkt. no. 268). If Maria wanted to seek reconsideration of the 6/4/26 Order, he had the ability to file a timely motion for reconsideration. This Court therefore declines to construe the Opposition and/or the Supplement as a motion for reconsideration of the 6/4/26 Order. All of Maria's arguments in the Opposition and the Supplement that assert error in the 6/4/26 Order will be disregarded.

Maria argues the Motion for Reconsideration should be denied because the Government has not identified a replacement payee. [Opposition at 3.] After the filing of the Motion for Reconsideration, the Government identified the proposed payee as the Living Trust of William E. Vincent and Betty J. Vincent. See Motion to Amend and Substitute at 1. Maria may have sent the Opposition to the Clerk's Office for filing before he received the Government's Motion to Amend and Substitute. The fact that the Motion for Reconsideration does not identify the proposed substitute payee is not a basis to deny the Motion for Reconsideration.

Maria also argues that he would be prejudiced if the Motion for Reconsideration is granted because he has relied on the ruling in the 7/15/26 Order. See Opposition at 4. However, Maria does not specify how he relied on the 7/15/26 Order. Maria's unspecified reliance on the 7/15/26 Order does not

warrant the denial of the Motion for Reconsideration. Maria also argues that he would be prejudiced if this Court allows the Government to pursue amendment of the Judgment because he "is indigent on food stamps and has no way of paying any further restitution." [Id. at 3.] Maria can argue for a change in the payment schedule in his response to the Motion to Amend and Substitute. Maria's argument that he is unable to make further restitution payments is not a basis to deny the Motion for Reconsideration.

Having considered all of the parties' arguments, this Court concludes that partial relief from the 7/15/26 Order is warranted under Rule 60(b)(1). The Government's Motion for Reconsideration is granted as to the portion of the 7/15/26 Order which concluded that the Government has waived its right to file a Motion to Amend. This Court will therefore consider the Government's Motion to Amend and Substitute.

The Motion for Reconsideration is denied as to all other portions of the 7/15/26 Order. In particular, the collection of restitution payments from Maria remains suspended, at least until this Court rules on the Government's Motion to Amend and Substitute.

## III. **Additional Restitution Information**

Maria points out that the 6/4/26 Order and the 7/6/26 EO required the Government to provide additional information

11

that the Government has yet to provide. [Opposition at 4.] The Government was directed to include in its anticipated Motion to Amend "a certification of all restitution payments collected and the amount of time remaining before the restitution obligation expires pursuant to Title 18 United States Code Section 3613(b)." See 6/4/26 Order at 10. The 7/6/26 EO directed the Government to address:

>    -if the Government does not intend to file a
>        Motion to Amend, whether the original
>        restitution order should be declared void;
>        and
>
>    -if the original restitution order is declared
>        void, what should be the effective date of
>        the voiding of the original restitution
>        order, and what payments, if any, were
>        collected from Maria after that date.

[7/6/26 EO at PageID.2217 (citation omitted).]

Insofar as the Government filed the Motion to Amend and Substitute, it is not required to address the questions in the 7/6/26 EO related to whether the original restitution order in the Judgment should be declared void. However, Maria is correct that the Government has not provided the certification required by the 6/4/26 Order. The Government previously filed a record of restitution payments received as of October 14, 2025 ("10/14/25 Restitution Record"). See 7/15/26 Order at 1-2 (citing Memorandum of the United States in Opposition to the Defendant Ronald K. Maria's "Amended Petition for Writ of Coram

12

Nobis" (Dkt. No. 273), filed 12/31/25 (dkt. no. 276), Declaration of Marshall H. Silverberg at ¶ 3 & Exh. B (10/14/25 Restitution Record)). The 10/14/25 Restitution Record, however, does not include information about the disbursement of Maria's restitution payments. The Government is directed to submit: an updated version of the 10/14/25 Restitution Record; a record of all restitution payments distributed, including the date, amount, and payee of each distribution; if there are any restitution funds that were collected but not distributed, the current holder and location of those funds; and a certification of the amount of time remaining before Maria's restitution obligation expires pursuant to Section 3613(b). The Government's records must be filed with an authenticating declaration or affidavit that is signed under penalty of perjury by a person with knowledge of the records.

The Government is ORDERED to supplement the Motion to Amend and Substitute with the documents described in the instant Order. The Government's supplement must be filed by **August 13, 2026**. Maria will not be required to respond to the Motion to Amend and Substitute until after the Government files its supplement. The Government is CAUTIONED that, if it fails to file the supplement by **August 13, 2026**, the Motion to Amend and Substitute will be stricken.

13

## CONCLUSION

For the foregoing reasons, the Government's Motion to Reconsider and Request for Leave of Court to Reopen the Time in Which to File a Motion to Amend the Judgment, filed July 15, 2026, is GRANTED IN PART AND DENIED IN PART. The Motion for Reconsideration is GRANTED insofar as this Court grants reconsideration of the portion of this Court's 7/15/26 Order which concluded that the Government waived its right to file a Motion to Amend. The Motion for Reconsideration is DENIED as to all other portions of the 7/15/26 Order.

In light of the partial grant of reconsideration of the 7/15/26 Order, this Court will consider the Government's Motion to Amend the Judgment and Substitute Restitution Payee that the Government, filed July 17, 2026. The briefing schedule for the Motion to Amend and Substitute will be as follows:

-the Government's supplement to the Motion to Amend and Substitute must be filed by **August 13, 2026;**

-Maria's opposition to the Motion to Amend and Substitute, as supplemented, must be filed by **August 27, 2026;** and

-if the Government elects to file an optional reply in support of the Motion to Amend and Substitute, the Government must do so by **September 3, 2026.**

In light of the requirement that the Government file a supplement to the Motion to Amend and Substitute, Maria's Motion to Compel Production of Restitution Payment Records, filed July 27, 2026, is DENIED AS MOOT.

14

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 6, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

USA VS. RONALD MARIA; CR 11-00342 LEK; ORDER:  1) GRANTING IN
PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO RECONSIDER
AND REQUEST FOR LEAVE OF COURT TO REOPEN THE TIME IN WHICH TO
FILE A MOTION TO AMEND THE JUDGMENT; 2) SETTING A BRIEFING
SCHEDULE FOR THE GOVERNMENT'S MOTION TO AMEND THE JUDGMENT AND
SUBSTITUTE RESTITUTION PAYEE; AND 3) DENYING AS MOOT DEFENDANT'S
MOTION TO COMPEL PRODUCTION OF RESTITUTION PAYMENT RECORDS

15